Date signed September 30, 2013



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| BARTON-COTTON, INC., *et. al.* | * | Case No. 09-12066-JS |
| | | (Chapter 7) |
| Debtors | * | (Jointly Administered) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARK J. FRIEDMAN, | * | |
| Chapter 7 Trustee, | | |
| | * | |
| Plaintiff | | |
| v. | * | Adversary No.  11-00079 |
| AMERICAN CAPITAL, LTD., | * | District Court Case No. 11-cv-02994 |
| *et. al.* | | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION DENYING
### DEFENDANTS' MOTION FOR RECONSIDERATION

This matter comes before the Court upon Defendants' Motion for Reconsideration of this Court's July 10, 2012 Memorandum Opinion and Order

Denying Defendants' Motion to Dismiss the Adversary Complaint, the Plaintiff's response thereto and Defendants' reply to Plaintiff's response. For the reasons set forth in this opinion, Defendants' Motion for Reconsideration will be denied.

*FINDINGS OF FACT*

1.  The Complaint in the instant adversary proceeding challenges two transactions: (1) the 2006 grant of a lien by Barton-Cotton, Inc. ("Debtor"), as part of a leveraged buyout of the stock of the Debtor from the prior owners; and (2) the 2007 refinancing pursuant to which American Capital, Ltd., *et. al.* ("Defendants"), received cash from a new lender and released their liens. Complaint, ¶¶ 1–7. In the Motion to Dismiss, Defendants argue that the Complaint failed to state a claim upon which relief could be granted.

2.  On July 10, 2012, former Chief Bankruptcy Judge Duncan W. Keir issued a Memorandum of Decision and Order Denying Defendants' Motion to Dismiss.

3.  On July 24, 2012, Defendants filed the Motion for Reconsideration which is the subject of this opinion. On November 7, 2012, a hearing was held on the motion.

*CONCLUSIONS OF LAW*

**SUBJECT MATTER JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the instant adversary

proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Pursuant to 28 U.S.C. § 1409, venue lies properly in this district.  The complaint in this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

## LAW APPLICABLE TO MOTIONS FOR RECONSIDERATION

2. Federal Rule of Civil Procedure 54(b), as adopted by Federal Rule of Bankruptcy Procedure 7054, provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *Id.*[1]

3. Courts will reconsider interlocutory orders when "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not

---

[1] This adversary proceeding was brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which provides in full as follows:

> (b) When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Randolph v. ADT Sec. Servs., Inc.*, 2012 WL 273722 (D. Md. Jan. 30, 2012).

4. Defendants' motion does not allege an intervening change in controlling law or newly-discovered evidence. The issue before the court is whether the court made a clear error of law or the previous ruling will result in manifest injustice. Motion for Reconsideration, at 3–4.

5. The purpose of a motion for reconsideration is not merely to reiterate arguments previously rejected by a court or to request a court to rethink its prior decision. *Beyond Sys., Inc.*, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010); and *Burgess v. Williams*, 2012 WL 1268608, at *2 (M.D. N.C., April 16, 2012).

## NO CLEAR LEGAL ERROR WAS MADE

6. Defendants have asserted a single ground for relief, namely, that "the Order Denying the Motion to Dismiss incorporated a number of clear legal errors." These alleged errors include the allegations that the Court failed to apply the correct pleading standard, that the order improperly credited conclusory allegations and that the order incorrectly held the Trustee to a more lenient pleading standard than other federal court plaintiffs.

7. Despite Defendants' argument that the Court did not apply the pleading standard laid out in *Bell Atlantic v. Twombly*[2] and *Ashcroft v. Iqbal*[3], Defendants acknowledged that the prior opinion "accurately summarized *Iqbal* and the plausibility standard that it embodies." Motion for Reconsideration at 6.

8. The real basis of the motion is that the Defendants dispute is the outcome of the Court's application of that legal standard in the opinion, which not only recited the correct pleading standard, but thoroughly considered each count in depth.

7. The instant motion is flawed because "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D. N.C. 2003). The Defendants are merely asking this Court to reconsider Judge Keir's opinion in which this Court finds that he correctly applied the appropriate standards in granting or denying motions to dismiss, in conformity with *Twombly* and *Iqbal*. This is not an appropriate basis for reconsideration.

8. Defendants further argue that Judge Keir improperly gave credit to conclusory allegations they claim are barred from consideration by *Iqbal*. Again, this

---

[2] 550 U.S. 544, 127 S.Ct. 1955 (2007).

[3] 556 U.S. 662, 129 S.Ct. 1937 (2009).

5

Court concurs with Judge Keir's analysis. He examined thoroughly the factual allegations made by the Trustee regarding the two transactions alleged in the Complaint.[4]

9. Defendants' argument that Judge Keir was incorrect in holding that bankruptcy trustees are entitled to a more lenient pleading burden than other Federal plaintiffs also fails. Motion for Reconsideration, at 8–9. The Trustee correctly points out that since the time when *Twombly* and *Iqbal* were issued, courts have held that "Bankruptcy trustees are entitled to more 'leeway' when pleading fraud because of their second-hand knowledge of the transaction." *Saracheck v. Keren Yisroel Aryeh Lieb, Inc.*, 2012 WL 692809 (Bankr. N.D. Iowa Feb. 27, 2012).[5]

---

[4]This Court does not dispute the fact that the prior opinion cited to cases issued prior to the Supreme Court's decision in *Iqbal*. However, while Iqbal clarified the change in pleading standards first set forth in *Twombly*, it did not render incorrect all decisions made by courts between *Twombly* and *Iqbal*.. *Iqbal*, 566 U.S. at 677-680.

[5]*See also*, *Saracheck v. The Right Place, Inc.*, 2011 WL 4621741 (Bankr. D. N.D. Iowa Sept. 30, 2011) (stating that "[i]n cases both before and after *Iqbal* and *Twombly*, courts have given more leeway in pleading where the bankruptcy trustee is the plaintiff."); *In re Dreier*, 452 B.R. 391, 408 (S.D. N.Y. 2011) (explaining that a trustee may have a lack of personal knowledge, which, in conjunction with complicated issues and transactions which may take place over lengthy periods of time affords them flexibility in satisfying the actual fraud pleading requirements); and *In re Saba Enterprises*, 421 B.R. 626, 640 (Bankr. D. S.D. N.Y. 2009) (discussing the more liberal view taken by courts when examining allegations of actual fraud made by bankruptcy trustees).

10. Defendants argued that the opinion applied an incorrect pleading standard to the allegations of breach of fiduciary duty made against the individual defendants. Motion for Reconsideration, at 10–11. They assert that the analysis is "directly contrary to well-settled Maryland law" because it fails to give adequate consideration to the business judgment rule. *Id* at 10. However, these arguments fail to consider Judge Keir's lengthy discussion of the business judgment rule and related Maryland case and statutory law. Memorandum of Decision, p. 22–23. Once again, Defendants are merely asking the Court to change its mind.

## *DECISION*

The Motion for Reconsideration will be denied for the following reasons:

1. The Court (Keir, C.J.) recited and applied the proper pleading standards in its consideration of the Motion to Dismiss and there was no error in its application sufficient to warrant reconsideration.

2. Because the Defendants request simply that the Court change its mind, and in the absence of clear error, the Motion to Reconsider will be DENIED.

**ORDER ACCORDINGLY.**

cc: <u>Attorneys for the Plaintiff</u>:

    Mark J. Friedman, Esquire
    Susan Maher, Esquire
    DLA Piper LLP (US)
    The Marbury Building
    6225 Smith Avenue
    Baltimore, Maryland  21209

    David Benjamin Misler, Esquire
    United States Attorney's Office
    District of Columbia
    555 4th Street, N.W.
    Washington, DC  20001


    <u>Attorney for the Defendants:</u>

    Michael L. Bernstein, Esquire
    Arnold and Porter
    555 Twelfth Street, NW
    Washington, DC  20004